UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20711-CIV-HOEVELER

INDUSTRIAS TURISTICAS DE
HONDURAS S. DE R.I.,
a foreign corporation,

  Plaintiff,

v.

BROOKS FOOD GROUP, INC.,
a Delaware corporation,

  Defendant.
_____/

## ORDER DENYING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS, AND SETTING HEARING ON PLAINTIFF'S REQUEST FOR ARBITRATION

  THIS CAUSE comes before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, and Defendant's alternative motion to transfer.  Plaintiff filed this action on March 9, 2010, alleging breach of contract and breach of warranty (express and implied).  According to the Complaint, Defendant's defective frozen chicken patties caused damage to Plaintiff, a Burger King Corporation franchisee operating in Honduras.  According to Plaintiff, Defendant represented itself to be an authorized supplier of Burger King products but delivered chicken patties with excess moisture such that they ballooned with steam when cooked.  Customers of Plaintiff filed complaints with the Honduran Consumer Protection Office, and Plaintiff reported the problem to Burger King Corporation at its headquarters in Miami.

  Defendant's motion to dismiss argues that the allegedly defective products only passed through Florida (i.e., were held in a freezer in Florida under the control of

1

Reinhart Food Service in Jacksonville) on their way to Honduras and, thus, no minimum contacts with Florida have been established for the purpose of jurisdiction. Plaintiff opposes dismissal, arguing that Defendant's business operations in Florida were extensive enough to subject Defendant to this Court's jurisdiction.

In the alternative, Defendant requests transfer of this case to the United States District Court for the Western District of North Carolina (the source of the chicken patties) or the Western District of Virginia (Defendant's principal place of business). Plaintiff responds that such transfer would be inconvenient for witnesses and is not justified.

## ANALYSIS

For the purpose of ruling on Defendant's motion to dismiss, the Court accepts the facts alleged in the Complaint as true, to the extent that they are not contradicted by Defendant's affidavits. Morris v. SSE, Inc., 843 F. 2d 489, 492 (11th Cir. 1988). As Defendant has challenged Plaintiff's assertions, the Court looks to Plaintiff's subsequently filed evidence supporting the allegations in the Complaint, and construes all reasonable inferences in favor of Plaintiff. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

The Court finds that the requirements of Fla. Stat. § 48.193(2) have been met, and also that sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment. Specifically, the Complaint - as supplemented - sufficiently alleges that there is a basis for general personal jurisdiction as Defendant engaged in substantial and not isolated activity in Florida. Defendant admits that its representatives attended trade shows in Florida. See Curtis James Jackson v. Grupo Industrial Hotelero, S.A., 2008 U.S. Dist. LEXIS 88922 (S. D. Fla. Oct. 20, 2008) (interactive

website and marketing efforts with travel agencies, including defendants' attendance at trade shows in Florida and the United States, provided adequate minimum contacts related to the specific cause of action). Defendant also admits that it has contracts with two Florida corporations - including Burger King corporation - and supplies products to distributors in the state. In sum, at least some of Defendant's in-state activities relate to the allegations of the Complaint, as Plaintiff alleges that it relied on Defendant's role as an authorized supplier for Burger King Corporation. The Court finds that Defendant "purposefully directed" its activities at this forum.   <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 774 (1984). In addition, Defendant has not established that this Court's exercise of personal jurisdiction in this case violates "fair play and substantial justice." <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 476-77 (1985).[1]

The Court has determined that sufficient contacts have been established and, therefore, the Motion to Dismiss is DENIED. In addition, as Defendant has not demonstrated a sufficient basis for transfer of this action, the motion to transfer is DENIED.

## MOTION TO COMPEL ARBITRATION

Plaintiff seeks to compel arbitration pursuant to the Burger King master terms and conditions governing suppliers (¶40). Having determined that personal jurisdiction has been established, the Court will hear argument from counsel as to whether or not this dispute is subject to arbitration. While the terms of Defendant's agreement with Burger King clearly require arbitration, and it appears that Plaintiff has raised a claim that is related to the terms of Defendant's agreement, the Court will permit the parties to

---

[1] The Court need not reach the question of whether Fla. Stat. § 685.101-102 provides another basis for the exercise of personal jurisdiction.

submit supplemental briefing on the question of whether Plaintiff has properly submitted the claim to arbitration- any supplemental briefs shall be filed no later than March 11, 2011. The Court will hear argument on this issue at 11:15 on March 21, 2011. Based on the above, the Court defers ruling on the motion to compel.

DONE AND ORDERED in Miami, Florida, February 2011. on 28th

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:
    counsel of record